In the matter of the Petition of OLIVER D. JACKSON, as Stockholder of the NATIONAL LUMBER VULCANIZING CORPORATION.

*Kent, Dec.* 18, 1911.

The general corporation law. § 31, provides that, if the election for directors of any corporation shall not be held on the day designated by the by-laws, the directors shall cause the election to be held as soon thereafter as conveniently may be, and that no failure to elect directors at the designated time shall work any forfeiture or dissolution of the corporation, but the Chancellor may summarily order that an election may be held on the application of any stockholder, and may punish the directors for contempt for failure to obey the order. *Held,* that where the petitioner owned a majority of the voting stock of a corporation, and in litigation in another state had been enjoined from transferring and otherwise exercising rights of ownership over the same, but such order had been modified so as to expressly permit him to vote the stock at any election or elections of officers of the corporation, and to demand an immediate election of officers in accordance with the Delaware laws, the directors having permitted the date fixed in the by-laws for the holding of an election of directors to pass without holding such election, the petitioner was entitled to a summary order from the Chancellor requiring the holding of such election.

PETITION BY A STOCKHOLDER OF A CORPORATION FOR THE SUMMARILY ORDERING OF AN ELECTION OF A BOARD OF DIRECTORS. The petition alleged that the National Lumber Vulcanizing Corporation, after its incorporation under the general corporation law of this State, adopted by-laws, Article IV of which provides, as follows:

"Section 1. The Annual Meetings of Stockholders shall be held after the year 1909 on the first Monday of March in each year, at eleven o'clock in the forenoon, when a Board of Directors for the ensuing year shall be elected.    *    *    *

"Sec. 2. A majority in amount of the common stock issued and outstanding shall constitute a quorum for an election or for the transaction of other business. The preferred stock of the corporation shall have no voting powers.
    *    '    *    *    *    *    *    *    *    *    *    '*    *

"Sec. 4. Notice of the meetings shall contain notice of the time and place at which the same are to be held, and such notice and the conduct

of the said meetings shall be as prescribed by the Board of Directors.

"Sec. 5.   Special meetings of the Stockholders shall be held at said registered office unless otherwise ordered by the Board of Directors, and shall be called by the Secretary on written request of two Directors, or on the written request of the owners of a majority of the common stock, by notice given to each Stockholder of common stock at least three days prior to such meetings.   *   *   * "

It is alleged that the annual meeting of stockholders was not held on the first Monday in March, 1911, owing to the failure and neglect of the officers and directors of the Corporation to give notice of and call such meeting, and that said officers and directors since that time, notwithstanding repeated requests and demands of the petitioner, have refused to call and hold a special meeting for the election of a board of directors.   It is also alleged that the petitioner is the owner and holder of a majority of the shares of common stock issued and outstanding; that on October 31st, 1911, he made written demand upon the directors, the vice president, the office of president being vacant, and the secretary of said Corporation, that they forthwith call a stockholders' meeting for the purpose of electing a board of directors, and that they have neglected and refused to do so.

Upon presentation of the petition to the Chancellor an order was made fixing the date on which said petition would be heard, and requiring notice thereof to be sent to said corporation and its officers and directors by registered mail.

At the hearing, appearance was made and an answer filed on behalf of said corporation.   The answer alleged certain facts which are the basis of a suit by the Lumber Securities Corporation, as a stockholder of said National Lumber Vulcanizing Corporation, against Oliver D. Jackson, the petitioner in this cause, and the National Lumber Vulcanizing Corporation, in the Supreme Court of the State of New York, attacking the validity of the ownership of the stock issued to said Oliver D. Jackson by the said National Lumber Vulcanizing Corporation.   The solicitor for the petitioner also filed an exemplified copy of the proceedings in the Supreme Court of the State of New York, from which it appears that on May 2nd, 1911, it was:

"Ordered until the further order of this Court, that the defendant Jackson, his agents, servants and attorneys, be enjoined and restrained or from selling transferring, or in anywise exercising any ownership of or rights in the said 5,250 shares of the capital stock of the National Lumber Vulcanizing Corporation, or any part thereof, and the said National Lumber Vulcanizing Corporation, its agents, servants and attorneys be enjoined and restrained from transferring on the books of the corporation, any of the certificates representing the said 5,250 shares of the capital stock thereof, now standing in said books in the name of the defendant Jackson, * * *", and required the defendants to show cause on May 10, 1911, "why the preliminary injunction herein contained shall not be considered pending the trial of this suit, and the final judgment of this Court."

On October 16th, 1911, on application of the solicitor for said Jackson, the petitioner in this cause, to amend the order made on May 2nd, 1911, it was:

"Ordered, pending the action and until the final judgment of the Court, that the defendant Jackson, his agents, servants and attorneys, be enjoined and restrained from selling or transferring, or in any wise exercising any ownership or rights in the said 5,250 shares of the capital stock of the National Lumber Vulcanizing Corporation, or any part of the original shares of stock of the defendant, the National Lumber Vulcanizing Corporation, constituting and being part of said 5,250 shares received by said Jackson from the plaintiff corporation under the contract specified in the complaint and now standing in the name of defendant Oliver D. Jackson, excepting the right to vote on each and every share of the said 5,250 shares, at any election or elections of officers of the defendant, the National Lumber Vulcanizing Corporation, of Delaware, and the right to demand an immediate election of officers of said defendant corporation, in accordance with the laws of the State under which the defendant corporation exists, and the by-laws of the defendant corporation.   * * *"

The complainant in said suit, at the same time, was ordered to give bond within three days in order to make the injunction effective, and it is admitted by the solicitors in the cause pending in this Court that such bond was not given.

*Arley B. Magee*, for petitioner.

*William M. Hope*, for National Lumber Vulcanizing Corporation.

THE CHANCELLOR: The petition in this cause is presented

to the Chancellor under the provisions of *section* 31 of the general corporation law of this State, which is as follows:

"If the election for directors of any corporation shall not be held on the day designated by the by-laws, the directors shall cause the election to be held as soon thereafter as conveniently may be; no failure to elect directors at the designated time shall work any forfeiture or dissolution of the corporation, but the Chancellor may summarily order an election to be held upon the application of any stockholder, and may punish the directors for contempt of Court for failure to obey the order."

It appears from the proofs, and is not disputed, that the petitioner is the holder upon the books of the corporation of a majority of the shares of the common stock of the corporation, and that the annual meeting and election of directors, which should have been held on the first Monday in March, 1911, was not held. It may be that proof of these two facts, even upon *ex parte* proof by the petitioner and without notice to the company, may under the language of the general corporation law above quoted, justify the Chancellor in "summarily" ordering such meeting and election to be held. But in this case an order was made upon presenting the petition, setting the petition down to be heard on a date fixed by the order, and requiring notice to be sent by registered mail to each of the officers and directors of the company, at the post office addresses furnished by the petitioner.

This Court certainly should not, on this petition, undertake to try the issues which have been raised in the New York Court, and which are to be tried there. It is evident that that Court, by so modifying its first order as to expressly authorize the stockholder, Jackson, one of the defendants in that suit, to exercise his right to bring this petition in this Court, must have concluded that the granting of the prayer of it would not have injuriously affected the rights of the parties to that suit. It should be noted that express consent of the New York Court, given to the stockholder, Jackson, not only to vote his shares of stock at an election, but also to ask for a summary order of this Court for the holding of an election, was not dependent in any way upon the giving of the bond by the complainant in the suit pending before that Court.

Therefore, an order will be made requiring the directors of the National Lumber Vulcanizing Corporation to hold a stockholders' meeting for the election of a board of directors.

The order was in the following form:

"And now, to wit, this eighteenth day of December, A. D. 1911, the foregoing peti ion of Oliver D. Jackson that the Chancellor summarily order the holding of a meeting of the stockholders of the National Lumber Vulcanizing Corporation for the purpose of electing a board of directors of said corporation, having come on to be heard before the Chancellor upon said petition, the answer of said corporation, affidavits and exhibits, and the same being duly considered, and argued by counsel for the respective parties,

"It is ordered by the Chancellor, that a special meeting of the stockholders of said National Lumber Vulcanizing Corporation be held for the purpose of holding an election of directors of said corporation, at eleven o'clock in the forenoon on Tuesday, the second day of January, A. D. 1912, at the registered office of said corporation in the State of Delaware, namely, at the office of The Capital Trust Company of Delaware, situate at the corner of State and North Streets, in the Town of Dover, Kent County, and State of Delaware, the said The Capital Trust Company of Delaware being a corporation by whom the said National Lumber Vulcanizing Corporation is represented in the State of Delaware;

"And further, that the said election shall be held pursuant to the laws of the State of Delaware and the by-laws of the said National Lumber Vulcanizing Corporation; and for this purpose, that the officers of said Corporation shall so hold said election at said time and place, and give due notice thereof;

"And further, that a copy of this order be forthwith mailed by the Register in Chancery by registered mail to each of the officers of said National Lumber Vulcanizing Corporation, including the directors thereof, at their several and respective residences and places of business, as set forth in the said petition of the said Oliver D. Jackson;

"And further, that within three days after the time fixed for the holding of said election at said special meeting, the officers or other persons who shall hold said election shall file in the office of the Register in Chancery for Kent County a report of their proceedings;

"And further, the Chancellor reserves the right to make such further or other orders in the premises as he shall deem proper."