# CASES IN CHANCERY

## DELAWARE

In the Matter of the Petition of Pasquale Gulla', for Election of Directors of ITALIAN STAR LINE, INCORPORATED, a corporation of the State of Delaware.

*New Castle, July* 16, 1921.

Under *Revised Code* 1915, § 1945, providing that, if an election for directors of a corporation is not held on the day designated by the by-laws, the Chancellor may order an election to be held on application of a stockholder, and may punish the directors for contempt of court for failure to obey the order; and in view of *Rule* 192 of the Court of Chancery, it is not necessary for the Chancellor to order the directors to hold the meeting before appointing a master in chancery for that purpose.

While the Chancellor may in his discretion order an election of directors without requiring notice of the application for such order to be served on the corporation, yet generally speaking such notice ought to be given.

PETITION FOR SUMMARY ORDER FOR ELECTION OF DIRECTORS. Upon presentation of the petition to the Chancellor on the fifteenth day of June, A. D. 1921, an order was made appointing a master to hold a meeting of the stockholders of the Italian Star Line, Inc., a Delaware corporation, for the purpose of electing a board of directors, and thereafter a petition was presented on behalf of Emilio Paul Yaselli, the president of the corporation, who is also at the present time a director and stockholder, asking that the order appointing a master be so modified as to permit the present directors to hold such special meeting of stockholders.

*Wilbur L. Adams*, for Pasquale Gulla', original petitioner.

*Aaron Finger* and *S. D. Townsend, Jr.*, for Emilio Paul Yaselli.

THE CHANCELLOR. This is a petition presented on the twelfth day of July, A. D. 1921, by Emilio Paul Yaselli, seeking a modification of an order heretofore entered in this cause by Chancellor Curtis on a prior petition presented by Pasquale Gulla'. The last-mentioned petition was filed on the fifteenth day of June, A. D. 1921, and on that day the order now sought to be modified was issued.

The original petition was filed under the provisions of paragraph 1945, § 31, of the *Revised Code of* 1915, which is as follows:

"If the election for directors of any corporation shall not be held on the day designated by the by-laws, the Directors shall cause the election to be held as soon thereafter as conveniently may be; no failure to elect directors at the designated time shall work any forfeiture or dissolution of the corporation, but the Chancellor may summarily order an election to be held upon the application of any stockholder, and may punish the directors for contempt of court for failure to obey the order."

The original petition filed by Gulla' alleged, inter alia, that he is a stockholder of the Italian Star Line, Inc., a corporation of the State of Delaware; that the date of the annual meeting of the stockholders of said corporation, under the by-laws thereof, is the first Monday in February in each year; that at the February 1920 meeting of stockholders directors of the corporation were elected; and that no annual meeting of stockholders has since been held, and, therefore, there has been no election of directors at a meeting of stockholders in February, 1921, as there should have been. The petition prayed this court—

"to summarily and forwith select and appoint a suitable person as master to call and hold a special meeting of the stockholders of said corporation in the City of New York (where a majority of stockholders reside) at a time and place and in the manner to be fixed by the order of this Honorable Court, at which meeting a new board of directors of said corporation shall be elected, and for such other and further relief as to this Honorable Court may seem just and proper."

The Chancellor on the day of the presentation of the original petition thereupon issued an order, in accordance with the prayer thereof, appointing a master to hold a stockholders' meeting of the corporation for the purpose of electing directors thereof, and prescribing the method of precedure for the master's guidance.

The present petition of Yaselli seeks to modify this order by

a direction to the master to suspend the holding of the meeting provided for therein, and by providing for the holding of a special meeting, at which new directors may be elected, by the incumbent directors, or by a master in the event the incumbent directors should fail to do so.

The present petitioner takes the position that there is no authority in the court to provide for the holding of a stockholders' meeting by a master in the first instance, on an ex parte application; that under the above-quoted section of the corporation law the directors of the corporation must first be ordered to proceed; and that only after their failure to do so is it proper to resort to the agency of a master.

With this contention I cannot agree.   The statute provides for a summary election. Generally speaking, the order, perhaps, ought not to issue without proper notice to the corporation and an opportunity to be heard in opposition to the issuance thereof. I find nothing, however, in the statute that requires the serving of notice prior to the issuance of the order.

Upon filing of the original petition in this case the Chancellor deemed it best, under the circumstances, not to require service of notice upon the corporation, or its hold-over directors, prior to the issuance of the order.   He thought the facts of the case justified the immediate issuance of his order on the ex parte application, and without prior notice.

I shall not review the special circumstances alleged in the original petition.   I am not so much concerned with them as I am with the fact that the former Chancellor deemed them of sufficient force to move him to employ the aid of a master in the first instance, without attempting to employ the agency of the old directors, and without prior notice to the corporation, or its present directors.   That the Chancellor so considered is apparent from the recital in his order, viz.:

"And it further appearing from said petition that it would be useless and futile that an order should be made for the holding of an election by the directors of said corporation."

Is it true that under the section above quoted the remedy must first be sought through the old directors, who themselves

are the persons in default? I think not. There are many circumstances that may be thought of which would defeat the summary remedy provided for by that section if it were necessary in every case to seek relief through the old directors before resorting to any other agency. It is not necessary for me to attempt to catalogue such circumstances. Each case must rest on its own facts. *Rule* 192 of this court recognizes the diversity of situations which may exist in various cases, and, accordingly, is so framed as to leave in the discretion of the court the question whether an order shall go to the directors first, before resorting to a master, or, ignoring the directors, to a master immediately. Reason suggests the desirability of this rule, and I find nothing in the statute forbidding it.

It will be noted that the section in question does not specify the person, or persons, to whom the order shall issue. The language is as follows:

"But the Chancellor may summarily order an election to be held upon application of any stockholder."

There is, therefore, no specific statutory provision directing to whom the order shall issue.

But it is contended that there is an implication that the directors are meant by the statute to be the ones to hold the election. This contention I understand to be founded on the provision that the Chancellor "may punish the directors for contempt of court for failure to obey the order."

The presence of this language does not conclusively argue that the directors must, under all circumstances, be the individuals first sought by the court as agents to call a stockholders' meeting. Such argument must be predicated on the theory that failure to obey the order to hold the stockholders' meeting could be the only respect in which directors might be held in contempt. This theory is not tenable, for the manifest reason that there may be a case where directors could be in contempt of the order, even though the order did not run to them. For instance, let it be supposed that the court appointed a master to hold a meeting of stockholders. For him to hold such meeting, it would be necessary for the master to obtain access to the stock ledger in order to ascertain the stockholders to whom he should send notice of the meeting. If the

directors should in any wise obstruct the master in his attempt to make up a list of stockholders, then a case would be presented where the directors might be held in contempt, even though they were not the persons on whom the order was made. It is, therefore, apparent that what I might call the contempt clause of the section above quoted, does not necessarily import that the order is to run to the directors in all cases.

There is nothing in the express language of the statute directing the court to issue its order to directors in the first instance; and there is nothing to that effect in the necessary implications of the statute. While it would be proper to order the directors to call a meeting of the stockholders under the section in question, yet it is not necessary.

The original order in this matter was permissible under *Rule* 192. The rule itself is in aid of, and not in conflict with, the above-quoted section of the code. And the Chancellor, in the proper exercise of his discretion, had authority to issue the original order.

I shall not review the exercise of his discretion. Even if I were disposed to do so, the fact that the master has proceeded so far as to fix as a date for the meeting of the stockholders the twenty-third day of this month, and has incurred some expense, would prompt me to refuse to direct him to suspend further proceedings in the matter.

The petition of Emilio Paul Yaselli will, therefore, be dismissed with the cost thereof on said petitioner.

For opinion disposing of exceptions to master's report, see *post p. 23.*