William **PRICKETT**, Receiver pendente lite of B. S. F. Company, a Delaware corporation, Plaintiff,

v.

**AMERICAN STEEL AND PUMP CORPORATION**, a Delaware corporation, Defendant.

Court of Chancery of Delaware.

New Castle.

March 12, 1969.

Irving Morris and Joseph A. Rosenthal, of Cohen, Morris & Rosenthal, Wilmington, and Wolf, Popper, Ross, Wolf & Jones, New York City, for plaintiff.

Bruce M. Stargatt and Jack B. Jacobs, of Young, Conaway, Stargatt & Taylor, Wilmington, and Murray I. Gurfein, of Goldstein, Gurfein, Shames & Hyde, New York City, for defendant.

DUFFY, Chancellor:

William Prickett was appointed Receiver *pendente lite* of B. S. F. Company, a Delaware corporation (BSF), by the United States District Court for the District of Delaware. On January 17, 1969 he filed a complaint in this Court for an order convening a meeting of the stockholders of defendant, American Steel and Pump Corporation, a Delaware corporation (ASP), for the purpose of electing directors.

ASP did not appear within the time fixed by the Court but did appear on February 14 when plaintiff asked for a default judgment. That request was denied, defendant answered and plaintiff then moved for summary judgment which the parties argued on March 5.

After the complaint was filed plaintiff moved to add a second cause of action, which involved a proposed amendment to ASP's certificate of incorporation; plaintiff's objective was to eliminate staggered terms for directors so that an entire new board could be elected at the meeting which is sought. But shortly before argument on the motion for summary judgment plaintiff abandoned that proposal and, instead, sought to allege a cause of action under 8 Del.C. § 223(c). Those allegations are to the effect that three of ASP's five directors were elected on October 18, 1968 by directors then in office (constituting less than a majority of the whole board), and, under the statute, those three offices are up for election at the meeting of stockholders. Defendant did not oppose the application to amend, it was allowed and the Court directed that an answer or responsive pleading be filed by March 12.

The essential facts are not disputed. Neither an annual nor a special meeting of ASP stockholders was held in the year 1968; indeed, no such meeting was held for more than thirteen months prior to the filing of the complaint in this suit. BSF owns some 180,000 ASP shares, equivalent to about 57% of the voting stock.*

8 DelC. § 211(c) provides in part:

"* * * If there be a failure to hold the annual meeting for a period of thirty days after the date designated therefor, or if no date has been designated, for a period of thirteen months after the organization of the corporation or after its last annual meeting, the Court of Chancery may summarily order a meeting to be held upon the application of any stockholder. * * *"

Defendant argues that the Receiver lacks standing because he is not a stockholder within the meaning of § 211. This argument is based entirely on the *pendente lite* aspect of the Receiver's appointment and the pendency of an appeal of the order of appointment in the Third Circuit Court of Appeals.

I recognize that there are practical problems which may follow if it is eventually determined by the Federal Courts

---

* About 15% of BSF's holdings are in dispute in litigation in Texas.

that the Receiver should not have been appointed. On this point, both parties have argued the timeliness of this action and the wisdom of ordering an election in the present state of affairs. Defendant stresses that the Receiver has contracted to sell the ASP shares (a matter which is the subject of a separate appeal now being briefed in the Third Circuit Court) so there are three possible groups from whom ASP may take its directions; it argues that an election should not be ordered until the dust settles. Plaintiff emphasizes that some three months after his appointment only two directors (Victor Muscat and Joseph Keating) were functioning, they elected three others, and then extended for five years an employment contract with one of the new directors; he also points to certain specific problems which he says have arisen from the confusion about management.

Plaintiff comes here with a valid order of appointment by the United States District Court which recites that he is appointed

"* * * Receiver pendente lite of B.S. F. and all of the properties of B.S.F. real and personal, * * *"

and wherein he is given broad powers of management of corporate affairs. And, even more to the point, the Receiver has been authorized by order of the District Court

"* * * to take the actions available to B.S.F. as a stockholder of * * * 'A.S.P.' to have a special meeting of stockholders of A.S.P. convened. * *"

See 28 U.S.C.A. § 754. Hence there can be no question about his authority to proceed with this action.

■ The corporation law, 8 Del.C. § 211 (b), requires that:

"An annual meeting of stockholders shall be held for the election of directors * * *."

The record made by the Receiver shows that such a meeting was not held in 1968 nor for thirteen months after the last annual meeting. Under these circumstances plaintiff makes out a prima facie case both as to status under § 211 and as to his right to relief. The Court cannot deny him relief based upon what is in its essence a collateral attack by ASP upon his authority and status as Receiver, 75 C.J.S. Receivers § 89, and upon certain of the proceedings in the District Court.

In summary, plaintiff has brought his case within the statute which authorizes the Court to "summarily order a meeting" and I do not deny him relief based upon what the Federal Courts may or may not eventually do in the various matters pending therein. A meeting of stockholders will be ordered for the purpose of electing directors of ASP and a master will be appointed to hold the election. 8 Del.C. § 227(b). The number of directors to be elected at that meeting will be determined by further proceedings in this case.

In view of the conclusion I have reached, it is unnecessary to consider plaintiff's application for a mandatory injunction directing that a meeting be held pursuant to a by-law provision.