TWEEDY, BROWNE & KNAPP, a Limited Partnership organized and existing under the laws of the State of New York, Plaintiff,

v.

The CAMBRIDGE FUND, INC., a Delaware corporation, Defendant.

Court of Chancery of Delaware, New Castle.

Feb. 28, 1974.

Charles S. Crompton, Jr., and Michael D. Goldman, of Potter, Anderson & Corroon, Wilmington, for plaintiff, Tweedy, Browne & Knapp.

R. Franklin Balotti, and Stephen E. Herrmann, of Richards, Layton & Finger, Wilmington, for defendant, The Cambridge Fund, Inc.

BROWN, Vice Chancellor.

Plaintiff, Tweedy, Browne & Knapp, (hereafter "TBK") a limited partnership, has moved for judgment on the pleadings against the Defendant, The Cambridge Fund, Inc., a Delaware corporation (hereafter "Cambridge"). The complaint is filed pursuant to 8 Del.C. § 211(c) to have this Court order the holding of a meeting of the shareholders of Cambridge for the purpose of electing directors and for the transaction of such other business as may properly come before the meeting. The above statute provides, in pertinent part, as follows:

"If there be a failure to hold the annual meeting for a period of thirty days after the date designated therefor, or if no date has been designated, for a period of thirteen months . . . after its last annual meeting, the Court of Chancery may summarily order a meeting to be held upon the application of any stockholder."

The amended answer of Cambridge admits that TBK is a shareholder of record, that Cambridge has not held a shareholders meeting for the purpose of electing directors since October 10, 1972, and that no meeting of the shareholders of Cambridge has been held for any purpose since that date. It is thus admitted that Cambridge has not held a shareholders meeting for more than fifteen months from the date of its last such meeting.

By way of an affirmative defense, however, Cambridge alleges that on February 14, 1974 (one week after the complaint herein was filed) it mailed "revised" proxy solicitation materials to the Securities And Exchange Commission in anticipation of holding a meeting of shareholders for the purpose, *inter alia,* of electing directors, that its management is unable to solicit proxies for such a meeting until they have been "cleared" by the SEC and to date the materials have not been cleared. (Although not stated in its answer, Cambridge represents in its memorandum that proxy materials were first sent to the SEC on December 26, 1973 and I thus assume that this is what the term "revised" alludes to.) Thus Cambridge argues that it would be inequitable to compel a meeting before the shareholders have an opportunity to receive and consider management's proxy materials and to compare them with the proxy materials with which TBK is presumably now ready to go.

As pointed out in Prickett v. American Steel And Pump Corporation, Del.Ch., 251 A.2d 576 (1969) the Delaware corporation law requires that an annual meeting of stockholders must be held for the election of directors. 8 Del.C. § 211(b). In a situation similar to this the Chancellor stated as follows at 251 A.2d 578:

"The record . . . shows that such a meeting was not held . . . for thirteen months after the last annual meeting. Under these circumstances plaintiff makes out a prima facie case both as to status under § 211 and as to his right to relief."

Vice Chancellor Marvel has also stated as follows in his unreported opinion in J. P. Griffin Holding Corporation v. Media-

trics, Inc., Del.Ch. (C.A. No. 4056–Jan. 30, 1973) :

"On the other hand, inasmuch as defendant admits that an annual meeting of its stockholders has not been held as required by 8 Del.C. § 211, and whereas such statute contemplates summary action, there would appear no need to adduce further facts in connection with plaintiff's application under the statute."

See also In re Jackson, Del.Ch., 9 Del.Ch. 279, 81 A. 992 (1911).

Thus it is clear that the admissions of the answer here demonstrate that TBK is entitled to relief unless the affirmative defense requires a different conclusion. However, when analyzed, the affirmative defense is obviously addressed to the time for holding the meeting and not to the right of TBK to demand one, since it asserts that the Court should not direct a meeting until the management of Cambridge can furnish the shareholders its proxy materials. By the last sentence of 8 Del.C. § 211(c) it is provided that if a meeting is summarily ordered

"The Court of Chancery may issue such orders as may be appropriate, including, without limitation, orders designating the *time* and place of such meeting, the record date for determination of stockholders entitled to vote, and the form of notice of such meeting."

■ I am therefore of the opinion that the alleged affirmative defense in reality goes to the form of the order and, as such, is not a matter of defense at all. This being true, I am further of the opinion that TBK is entitled to judgment on the pleadings. Certainly the spirit of 8 Del. C. § 211(c) indicates that where more than thirteen months have elapsed without a meeting of shareholders to elect directors and application is made by a shareholder for Court intervention because of this, the Court has a duty to make sure that such a meeting and election take place as promptly as possible, and normally this can only be guaranteed by the entry of an order fixing a definite date for the event to take place.

■ Not all delays in holding an annual meeting are necessarily inexcusable, In re Tonopah United Water Co., Del.Ch., 16 Del.Ch. 26, 139 A. 762 (1927), and certainly if there are mitigating circumstances explaining the delay or failure to act, they can be considered in fixing the time of the meeting or by such other "appropriate" order authorized by § 211(c). The circumstances here, however, dictate that a meeting should be ordered, and from the record there appears to be no necessity for hearing testimony on this issue.

■ In passing, I note that TBK requests that a master be appointed to conduct the meeting and election pursuant to Rule 81, Del.C.Ann. Since TBK has sought judgment on the pleadings, and since there is nothing alleged in the complaint which attributes any improper conduct or purpose to the present directors of Cambridge or which would indicate futility in requiring the present management to hold the meeting, I am not inclined to do so.

A master was not utilized in In re Jackson, supra, and, although a master was appointed ex parte in In re Gulla, Del.Ch. 13 Del.Ch. 1, 114 A. 596 (1921) and it was held that this could be done without first addressing the order to the directors, the court acknowledged that it would be proper to order the directors to call the meeting of the stockholders in the first instance in the absence of circumstances which show the necessity of employing a neutral party. 114 A. 598. Distinguish In re Brandywine Fibre Products Co., Del.Ch., 33 Del.Ch. 327, 92 A.2d 708 (1952) where a master was designated to conduct the meeting be-

cause there were only two stockholders, both of whom were directors, and who were at odds with each other in the litigation.

In summary, judgment on the pleadings will be granted in favor of the Plaintiff. I will hear counsel on Monday, March 4, 1974, at 11:00 a. m. as to the form of order to be entered and, if it cannot be agreed to, counsel should be prepared to present any arguments they may have as to (a) the time and place of the meeting, (b) the record date for determination of stockholders entitled to vote and (c) the form of notice for such meeting.