HENRY F. SCHULTZ,

*vs.*

COMMONWEALTH MORTGAGE COMPANY.

*New Castle, July* 16, 1919.

When an election of directors of a corporation by the stockholders has in fact been held either on the day designated by the by-laws or some other day prior to the application to the Court of Chancery, pursuant to General Incorporation Act, § 31, to summarily order an election, the Court has no power to order an election.

The Court of Chancery should not, on the application of a stockholder in a corporation pursuant to General Incorporation Act, § 31, order an annual election of directors by stockholders merely because since the last-stated election day designated by the by-laws eight-ninths of the shares of stock voted on the election of directors then have been canceled as illegally issued by judicial decree in another state where the corporation was doing business.

The stock ledger of a corporation, under General Incorporation Act, § 29, is the only evidence as to who are stockholders entitled to vote at an election of directors.

PETITION FOR RULE requiring receivers and the defendant company to show cause why the Chancellor should not summarily order a meeting of stockholders for the election of directors of the defendant company.

*Herbert H. Ward,* for petitioner.
*Daniel O. Hastings,* for receivers.

THE CHANCELLOR. Receivers of the Commonwealth Mortgage Company, a Delaware corporation, having been appointed

by this court, a stockholder who had been allowed to intervene in the cause in June, 1919, applied among other things for an order for an election of directors of the company, alleging that no meeting of stockholders had been held according to its charter and by-laws, and that the last election was held in January, 1918.

In Minnesota where part of the assets of the corporation were located, and where the company was doing business, a receiver had been appointed before the suit for the appointment of the receivers had been begun here, and its affairs were being administered there. In that suit shares of common stock of the company held by one Schafer, aggregating 8,177 shares, were cancelled by order of the Minnesota court made on May 3, 1919. At the hearing of the application for a summary order for the election it was shown that on January 3, 1919, such an election had in fact been held on the day fixed by the by-laws, and that about 9,700 shares of common stock had been voted, including the shares of Schafer. Some trifling irregularities in the procedure at the election are set out in the minutes of that meeting, and were pointed out; but the main contention for a new election was that the voting of the Schafer stock invalidated the election.

By *Section* 31 *of the General Incorporation Act* (22 *Del. Laws,* c. 394), the Chancellor may summarily order that an election be held if an election shall not have been held on the day designated by the by-laws of the company. This power has been exercised and the procedure therefor is shown. *In the Matter of the Petition of Oviver D. Jackson, as Stockholder in the National Lumber Vulcanizing Corporation,* 9 *Del. Ch.* 279, 81 *Atl.* 992. But it is a summary order, and when an election has in fact been held either on the day designated by the by-laws, or at some other day prior to the application to this court, then this court has not power to order an election. Certainly it should not on the present application order another annual election when the only ground therefor is the fact that since the last stated election day eight-ninths of the shares of stock voted there had by a judicial decree been cancelled as illegally issued. Such is not the purpose of this section of the act. Besides, the stock ledger is the only evidence as to who are stockholders entitled to vote at such election. *Section* 29 *of General Incorporation Act.*

The Chancellor will not summarily order that an annual election of a corporation be held if it appears that one has in fact been held on the day designated by the by-laws, though it appear that since such election shares voted had been judicially cancelled.