In the Matter of the TONOPAH UNITED WATER COMPANY, a corporation of the State of Delaware.

*New Castle, Dec. 23, 1927.*

*James I. Boyce*, for petitioner.

*James H. Hughes, Jr.*, of the firm, of Ward & Gray, for Tonopah United Water Company.

THE CHANCELLOR. The original petitioner, Wheeler, takes the position that the sole question should be whether or not the master's election when held was valid, and he cites *In re Gulla*, 13 *Del. Ch.* 23, 115 A. 317, as authority for that position. *In re Gulla* does not hold that the only objections which may be heard on the return of the master are such as go to the validity of the manner in which he conducted the election. I am of the opinion that the objections raised by the pending rule may be properly raised notwithstanding the master's return has been filed.

The present rule calls for a decision upon the question of the legality of the meeting held on August 12th. If that meeting was a lawful one, it is contended that the Chancellor had no jurisdiction to enter the order of November 4th by which an election was directed and a master appointed to conduct it.

The Chancellor's authority in matters of the instant kind is derived from Section 31 of the General Corporation Law. That section in its pertinent provisions is as follows:

"If the election for directors of any corporation shall not be held on the day designated by the by-laws, the directors shall cause the election to be held as soon thereafter as conveniently may be; no failure to elect directors at the designated time shall work any forfeiture or dissolution of the corporation, but the Chancellor may summarily order an election to be held upon the application of any stockholder and at any such election the shares of stock represented

at said meeting, either in person or by proxy, shall constitute a quorum for the purpose of such meeting, notwithstanding any provision of the by-laws of the company to the contrary."

In construing this statute this court said in *Schultz v. Commonwealth Mortgage Co.*, 12 *Del. Ch.* 104, 107 *A.* 774:

"But it is a summary order, and when an election has in fact been held either on the day designated by the by-laws, or at some other day prior to the application to this court, then this court has not power to order an election."

The only qualification of this language which the present case makes necessary is one that the language itself implies, viz., that the prior election must of course have been at a meeting lawfully held.

It is contended by the solicitor for Wheeler, the original petitioner, that the meeting of August 12th was illegal and void, and therefore the Chancellor's jurisdiction encounters no obstacle to its assertion. The contention which thus asserts the nullity of the August 12th meeting rests on Section 30 of the General Corporation Law (Revised Code 1915, § 1944), which provides *inter alia* as follows:

"All elections of directors shall be by ballot, unless otherwise provided in the charter or the certificate of incorporation. The first meeting for the election of directors, at which meeting any business may be transacted, shall be held at any place either within or without this state fixed by a majority of the incorporators in a writing signed by them, and thereafter the said directors shall be elected at the time and place within or without this state named in the by-laws, and which shall not be changed within sixty days next before the day on which the election is to be held. A notice of any change shall be given to each stockholder twenty days before the election is held, in person or by letter mailed to his last known postoffice address."

The time and place for the annual meetings of this corporation were fixed by the by-laws as the first Wednesday in August of each year and at either the company's principal office in Wilmington, Delaware, or at the office of the company in Beverley Hills, California. Nowhere does the statute require that notice of the annual meeting shall be given to stockholders. But the by-laws of this particular corporation require that twenty days' notice of such meeting shall be given.

The only particular in which the legality of the August 12th

meeting is assailed is with respect to the time of its holding. And with respect to this, it is contended that the August 12th meeting was fixed in violation of the provisions of Section 30 of the act above quoted, because when the directors on July 21st undertook to fix August 12th as the meeting date they in reality assumed to change the date of the annual meeting to a time other than the first Wednesday in August, a change which the statute says they could not make within sixty days next before the said twelfth day of August. Therefore, it is argued, the meeting of August 12th was void in law and all action taken thereat is a nullity.

This contention does not appeal to me as well founded. The act of calling a meeting for August 12th was not an attempt to change the annual meeting date fixed by the by-laws. That annual date remains as it did before. To be sure, in this particular year the meeting at which directors were chosen was not held on the date prescribed by the by-laws for the annual meeting. But that does not mean that the by-laws have been changed. Inasmuch as the statute requires no notice to be given of annual meetings, the purpose of Section 30 doubtless was to provide that a standing notice to stockholders of that important annual event should be given by a by-law, and to insure against a sudden change in the terms of that standing notice, the sixty-day provision was inserted in the statute. This, I conceive, was the purpose of the quoted language of Section 30, and such being its purpose the sixty-day limitation and twenty-day notification periods are operative only when the standing by-law provision is proposed to be altered.

If no annual meeting is held for the election of directors, the directors in office can nevertheless convene a meeting for the election. Section 31 is clear in its provision to this effect. It in fact lays a duty on the directors to cause such an election to be held "as soon thereafter as conveniently may be." When such a meeting is held, the time for the annual one having passed, its convening obtains sanction from Section 31, and is in no sense to be regarded as an annual meeting provided for by Section 30; nor is it governed by the regulation therein defined. If it were not so, and if the meeting to hold an overdue election were to be treated as a change of date for the annual meeting to a time different from that specified in the by-laws, then in no case could the board of

directors hold a meeting until sixty days had elapsed prior to its convening, notwithstanding the policy of Section 31 is to require that the neglect to hold the annual stockholders' meeting should be repaired at the earliest convenient moment. This policy is evident, not alone from the command to the directors to that effect, but as well from the clause of the section authorizing the Chancellor to summarily order an election.

The correct view to take with respect to the meeting of August 12th is that it was not an attempt to change the date for the holding of an annual meeting at which directors were to be chosen as provided in Section 30, but rather an attempt under Section 31 to hold a meeting to do that which should have been done at an earlier annual meeting and which an omission to hold had rendered necessary. When the August 12th meeting was decided upon (July 21st), the annual meeting day had not arrived and thus there was at the time of the notification no failure to hold the annual meeting. It is suggested that this being so, the directors in calling the August 12th meeting could not be said to have been acting under Section 31 in view of the fact that the provisions of that section appear not to be applicable until the event of the omission to hold an annual meeting has become a past one. And so it is argued that when on July 21st the board arranged for a meeting on August 12th, it in substance and effect changed the annual meeting date. When it is remembered, however, that the by-laws of the corporation require twenty days' notice to the stockholders prior to the annual meeting it is apparent that on July 21st the regular annual meeting on August 3d could not possibly be held in obedience to the by-laws, and therefore an omission to hold it was a certain event which was bound to ensue. Does the statute in the two sections referred to mean that in such a situation the board must, if it desires to obey the mandate of Section 31 to act with convenient dispatch in calling the stockholders together, delay action until the future certainty of event has become past, or in the alternative to allow sixty days to elapse before the stockholders are convened? Such a view would seem to be a very strained one and entirely out of harmony with the policy of the statute which is to expedite the election as soon after its omission as is conveniently possible.

My conclusion is that when it became evident that the annual meeting could not possibly be held in obedience to the by-laws of the company, the board of directors properly concluded that they could proceed under Section 31 to call the meeting of August 12, and that their act in so doing did not amount to an attempted change of the annual meeting date in violation of Section 30 of the act.

A question of fact is raised as to whether a meeting and election of directors thereat was in truth held on August 12th as claimed. Of course, if such meeting was not held, the present rule should be discharged. The evidence on this point establishes by a decided preponderance that such meeting was held, that Mr. Wheeler, the original petitioner, was present and voted his stock, and that directors were duly elected. Six affiants, two of whom are so far as appears entirely disinterested, swear to this, and all that appears to the contrary is the negative statement of Mr. Wheeler that he does not recall such a meeting, together with two affidavits from stockholders to the effect that they received no advance notice of the meeting, a circumstance which may be true and yet not be inconsistent with the holding of a meeting or the mailing of notices in advance thereof.

On the present showing, it appears that stockholders elected directors on August 12th at a meeting called by the managing directors under the provisions of Section 31 for that purpose. The order of November 4th ordering an election was, therefore, entered without authority and must be vacated as prayed.

The solicitor for the corporation has raised the contention that if it be conceded that the meeting of August 12th was irregularly called because of the supposed sixty-day provision of Section 30, yet Wheeler cannot be heard to complain because he was present at the meeting, participated in it without objection and in fact, by his overwhelming stock ownership, not only supplied the necessary quorum but by his vote elected the directors. If this contention be well founded, the foregoing discussion would not be called for. The reason this contention is passed by without decision, notwithstanding its apparent merit, is that I prefer to rest my conclusion on the views hereinbefore expressed because of the fact that the matter was fully debated at the argument, and, from

intimations dropped at the bar, will, if not passed upon now, be presented for decision by a petition to be filed later on by stockholders other than Wheeler.

It was pointed out at the argument that the board of directors of this corporation have assumed since August 12th to oust Mr. Wheeler from his office of director and president, and have thus undertaken to deprive the owner of the vast majority of the corporation's stock of all contact with the management of its business and have fastened themselves, the owners of a trifling number of shares, in secure control of its affairs. Granting that this situation ought not to exist, I am unable to see how, from what appears on the present showing, a remedy for it can be had by resort to proceedings addressed to the Chancellor under Section 31 of the act.

Let an order be prepared in accordance with the foregoing.