## In re MISSISSIPPI VALLEY UTILITIES CORPORATION.

### No. 959.

District Court, D. Delaware.

March 18, 1933.

Aaron Finger, of Wilmington, Del., and Thomas W. White, of St. Louis, Mo., for petitioners.

Arthur G. Logan (of Marvel, Morford, Ward & Logan), of Wilmington, Del., and William Saxon, of Baltimore, Md., for the bankrupt.

NIELDS, District Judge.

Early in January, 1933, Mississippi Valley Utilities Corporation, a Delaware corporation, owning ice and coal plants in and about Memphis and Northern Mississippi was placed in the hands of an equity receiver by federal courts. Bonds of the company to the amount of over one half million dollars were in default, both as to principal and interest, and these courts appointed the same person a receiver in mortgage foreclosure suits which were consolidated with the equity suits. The outstanding capital stock of the company consisted of 6,139 shares of common stock and 1,899 shares of preferred stock. There had been default in the payment of six or more quarterly dividends on the common stock and under a provision of the charter only holders of preferred stock were entitled to vote.

Article II of the by-laws of the company provides for stockholders' meetings. Pertinent portions of certain paragraphs of this article are:

"1. All Meetings of the Stockholders shall be held at the office of the Corporation in the City of Memphis, State of Tennessee.

"2. The Annual Meeting of stockholders of the said Corporation, after the calendar year 1926, for the election of Directors to succeed those whose terms expire, and for the transaction of such other business as may come before the meeting, shall be held on the Fourth Wednesday in January of each year, if not a legal holiday, and if a legal holiday, then on the day following, at 11:00 o'clock in the forenoon. * * *

"4. Notice of the time and place of the annual and of all special meetings of the stockholders shall be given by mailing a written or printed notice of the same at least five days prior to the meeting, with postage prepaid, to each stockholder of record of the Corporation entitled to vote thereat and addressed to his or her last known post-office address. * * * "

The charter of the company and the statutes of Delaware do not require the giving of notice of such meetings.

Without written notice as prescribed by paragraph 4 of the by-laws and without notice of any sort, four persons, two of whom held a majority of the preferred stock of the company, undertook to hold the annual meeting and to elect a new board of directors. Waivers of notice of the meeting were executed by four other preferred stockholders. The meeting was held at the office of the company on January 25, 1933, at the time and place for holding annual meetings. At least half of the preferred stockholders were not present at this meeting either in person or by proxy and signed no waivers of notice of the meeting. Nothing daunted the four gentlemen present proceeded at 11 o'clock to ballot for directors with the result that the four and one other were declared elected. At 11:30 the same gentlemen assuming to be directors held a meeting for the election of officers with the result that a president, vice president, and secretary-treasurer were declared elected from their number. Thereupon the following resolution was considered and declared adopted:

"Be it resolved by the Board of Directors of the Mississippi Valley Utilities Corporation, assembled at the regular meeting, that the President, the Secretary, or the Vice President of the corporation be, and they

are, or any one of them is hereby authorized, empowered and directed to do any and all things necessary and to execute any and all documents necessary to immediately file voluntary petition in bankruptcy in the United States District Court in the state of Delaware, in which state the Mississippi Valley Utilities Corporation is domiciled."

Following this resolution a paper purporting to be a petition in voluntary bankruptcy signed "Mississippi Valley Utilities Corporation by Samuel R. Morgan Vice-President" was filed in this court on January 27, 1933, and thereupon an order of adjudication of bankruptcy was made in this case.

Seven petitions have been filed by various persons to vacate the adjudication and to dismiss the so-called bankruptcy petition. The petitioners include a holder of preferred stock, a general creditor, a bondholder, a committee representing bondholders, the trustee named in the mortgage and deed of trust securing the company's bonds, the person appearing on the books as the holder of nearly all the common stock, and the company itself through persons claiming to be its proper officers.

The question raised by each petition is whether the meeting of preferred stockholders on January 25th was the annual meeting of the corporation or even a meeting of the stockholders of the company at which directors could be elected. If this meeting was unlawful, it necessarily follows that the attempted election of directors and officers was invalid and that the so-called voluntary petition in bankruptcy was not the petition of the corporation and was invalid.

It has been urged that no one of the petitioners can challenge the adjudication. One good petitioner is enough. One of the petitioners being a preferred stockholder was undoubtedly entitled to participate in every meeting of stockholders and has a right to intervene and challenge the adjudication. Ogden v. Gilt Edge Consol. Mines Co. (C. C. A.) 225 F. 723; Zeitinger v. Hargadine-McKittrick Dry Goods Co. (C. C. A.) 244 F. 719.

The position of the alleged bankrupt is that a by-law stating the time and place of holding a regular meeting of stockholders, like the annual meeting, is adequate notice to the stockholders and that an additional by-law requiring express notice to stockholders of such a meeting is not mandatory and may be disregarded.

The position of the petitioners is that the two provisions of the by-laws of the alleged bankrupt respecting annual meetings are of equal force, are consistent with one another, and should be construed together as though the provision as to notice of an annual meeting were written into the by-law respecting the time and place of the annual meeting. Omission of notice renders the meeting invalid and the acts taken and authorized at the meeting void.

The court finds as a fact that no notice of the annual meeting was given as required by the by-laws. The president and the vice president, treasurer and general manager of the company in office on January 25th were in a position to know whether notice of an annual meeting had been sent by the secretary. They testified that no such notice was sent and that no notice whatever was given. Their testimony is corroborated by the absence of any affirmative proof of notice. Further, the minutes of a meeting on February 21, 1933, held for the purpose of ratifying want of notice of the annual meeting recite that "the secretary had neglected to send out notice of said meeting," namely, the annual meeting.

Was notice necessary? For an authoritative interpretation of the General Corporation Law (33 Del. Laws, c. 104), this court relies upon the decisions of the state courts. A premise in the reasoning of the chancellor in the case of In re Tonopah United Water Co., 16 Del. Ch. 26, 139 A. 762, 765, covers the present case. The provision of the by-laws respecting annual meetings of the Tonopah Company were like the by-laws of the Mississippi Valley Utilities Corporation. In each, the time and place for the annual meeting of the corporation was fixed by a by-law. In each, notice of the annual meeting was required by a by-law. In that case, as here, the legality of a meeting of stockholders for the election of directors was attacked. Throughout the opinion of the chancellor full force and effect is given to the by-law of the Tonopah Company requiring notice of an annual meeting, and the conclusion reached that a meeting of stockholders for the election of directors "could not possibly be held" without obedience to the by-law requiring notice. The standard text-books are in accord with the Delaware case. "As to any meeting, notice is necessary when required by statute or the charter or the by-laws of the corporation." Fletcher Cyc. Corp. (Permanent Ed.) Vol. 5, § 2006. "Notice is necessary, of course, when required by the charter or by-laws of the corporation, and it must be given in the mode and form, and for the time, if any, therein

prescribed. * * *" Ballantine Private Corporations, § 167.

The purported annual meeting of stockholders on January 25th, was illegal because the notice required by the by-laws was not given. It follows that the meeting of the new board of directors on January 25th and their action in electing officers and authorizing them to execute the voluntary petition in bankruptcy was illegal.

█ Was the invalidity of the meeting of January 25th cured by ratification? February 21, 1933, after call and notice to all preferred stockholders, a meeting was held and those present constituting a majority voted to ratify and confirm the stockholders' meeting of January 25th and the election of directors at that meeting. Thereupon the directors held a meeting and ratified the resolution authorizing the filing of the voluntary petition in bankruptcy. The crux of this case, however, is whether there was a valid adjudication of bankruptcy on January 27th. It is not whether there was a ratification of the acts of the stockholders and directors. The Bankruptcy Act § 18g (11 USCA § 41 (g) provides that upon the filing of a voluntary petition "the judge shall hear the petition and make the adjudication or dismiss the petition." The adjudication is the act of the court. The stockholders and directors can ratify their own acts but cannot ratify and make valid an adjudication of the court upon an invalid petition. In re Bates Mach. Co. (D. C.) 91 F. 625.

The adjudication of bankruptcy and order of reference must be vacated and the petition dismissed.