C. Arthur Bruce and Eleanor K. Bruce,
Plaintiffs,

Harry Walter Voege and Anna May Tunmore as Trustees under the Last Will and Testament of Harry W. Voege, deceased, and Ida Mae Voege,
Intervening Plaintiffs,

*vs.*

E. L. Bruce Company, a Delaware corporation, and Empire National Corporation, a New York corporation,
Defendants.

*Court of Chancery, New Castle, September 19, 1961.*

*Alexander L. Nichols,* of Morris, Nichols, Arsht & Tunnell, Wilmington, and Macleish, Spray, Price & Underwood, Chicago, Ill., for plaintiffs.

*Arthur G. Logan,* of Logan, Marvel & Boggs and *Aubrey B. Lank,* of Theisen & Lank, Wilmington, for intervening plaintiffs.

*James T. McKinstry,* of Richards, Layton & Finger, Wilmington, and *Robert N. West,* of Shearman & Sterling, New York City, for defendant, E. L. Bruce Co.

MARVEL, Vice Chancellor: █ Plaintiffs together own or are beneficially interested in 5% of the issued and outstanding common stock of E. L. Bruce Company. C. Arthur Bruce is chairman of the Bruce board of directors and has been a shareholder and director of such corporation since 1922. Plaintiffs sue allegedly for the benefit of the Bruce stockholders, and at the argument yesterday additional parties plaintiff were permitted to intervene in this action which is one to enjoin the merging of the corporate defendants. The defendant, Empire National Corporation, holds approximately 81.8% of Bruce's common stock.

The main thrust of the complaint is that the exchange ratio of $2\frac{1}{4}$ shares of Empire stock for one share of Bruce stock proposed in the merger agreement sought to be nullified "* * * so grossly under-values Bruce stock as to constitute a constructive fraud on minority stockholders of Bruce."

Complaint is also made of other consequences of the proposed merger, namely the imminence of drastic changes in the carrying on of Bruce's traditional business of manufacturing quality hardwood floors and the like, the saddling of Empire's debt structure on Bruce, and the expected substitution of Empire's stock dividend policy for

Bruce's traditional cash dividend. It is also charged that a majority of the directors of Bruce in approving the merger voted for their own self-interest.

Basically, however, plaintiffs in attacking the proposed merger do not adequately allege fraud as such but rather quarrel in legal language at the passing of an old order or way of business and with imminent changes long foreshadowed by Empire's gradual acquisition since 1958 of a very substantial number of Bruce's shares. Plaintiffs refuse to face up to the existence of the lucid financial reports of Lee Higginson Corporation or of Argus Research Corporation upon which the exchange ratio is premised and which clearly sustain its propriety. The higher ratio therein recommended was reasonably accepted by the Bruce board including eight directors [1] long associated with the company. On the other hand the opinions stated in plaintiffs' affidavits concerning comparative values of the two stocks are incredible in the light of the actual market value of Empire stock, the supporting accounting data of record, and the effect of new management on Bruce's earnings. Ironically, Mr. Stiegelmeier's conclusion as to the proper course of action for plaintiffs and other dissident stockholders coincides with mine, namely that "* * * Bruce stockholders have no alternative but to ask for their appraisal rights."

I say this because absent fraud or a showing that the terms of a proposed merger are so unfair as to shock the conscience of the court it is the policy of the courts of Delaware to permit contracting corporations to take advantage of statutory devices for corporate consolidation furnished by legislative act, *Mac Farlane v. North American Cement Corporation*, 16 *Del.Ch.* 172, 157 *A.* 396; *Cole v. National Cash Credit Ass'n*, 18 *Del.Ch.* 47, 156 *A.* 183 and *Hottenstein v. York Ice Machinery Corp.*, D.C.Del. 45 *F. Supp.* 436, *aff'd*, 3 *Cir.* 136 *F.2d* 944. Judicial interference is inappropriate in most instances of merger because an efficient and fair method has been provided which permits judicially protected withdrawals by stockholders from a proposed consolidation. Finally, the reasons for a merger or the business necessity behind it are not matters for judicial

1. The firm of Henry A. Loeb, one of these directors, holds a substantial number of shares of present Bruce stock as collateral for a loan to Empire.

determination, *MacCrone v. American Capital Corporation, D.C.Del.* 51 *F. Supp.* 462.

Plaintiffs and interveners contend, however, that a restraining order preventing the consummation of the proposed merger (and Empire's stock position in Bruce makes stockholder approval a foregone conclusion) can do no real harm and will prevent irreparable injury.

Had the pending motion not been amply supported and opposed by affidavits and had a comprehensive argument not been had, I would be hesitant to decline to grant the pending motion.[2] Being satisfied, however, that the complaint does not state a case for injunctive relief against a merger on the grounds of fraud, and being also of the opinion that plaintiffs' objection to the fixing of a record date for the September 21 stockholders meeting is without merit, *Gries v. Eversharp, Inc.,* 31 *Del.Ch.* 129, 67 *A.2d* 69, I shall decline to grant the relief sought. There is not, in my opinion, any reasonable probability of ultimate success for plaintiffs' case. An order denying the pending motion may be submitted.

---

2. Significantly, plaintiffs suggest that should the injunctive relief presently sought be granted that the case then be immediately readied for trial rather than "reargued" on a motion for a preliminary injunction.