John F. PETRICK and Joseph Rogers, Plaintiffs,

v.

B-K DYNAMICS, INC., a corporation of the State of Delaware, et al., Defendants.

Court of Chancery of Delaware, New Castle.

Oct. 27, 1971.

William G. Campbell, of Bayard, Brill & Handelman, Wilmington, for plaintiffs.

Richard L. Sutton, of Morris, Nichols, Arsht & Tunnell, Wilmington, for defendants.

MARVEL, Vice Chancellor:

The original plaintiffs,[1] whose combined holdings of stock of the defendant corporation constituted less than a majority[2] of its issued and outstanding stock, sued individually and in their capacity as minority stockholders of such corporation. They principally sought injunctive relief against actions taken by the incumbent board of directors of the corporate defendant following their purported election to office at an April 24, 1970 meeting, at which plaintiffs were ostensibly removed as directors. The original plaintiffs were admittedly present at the convening of such meeting but promptly withdrew on the ground that insofar as such meeting purported to be an annual meeting of stockholders it had been unlawfully convened and that any action taken thereat by the stockholders present was accordingly invalid.

Plaintiff's primary claim for relief is based on the theory that as a stockholder entitled to attend the annual meeting of stockholders of the corporate defendant, he was entitled to proper notice of such meeting, and as a result of his not receiving such notice all corporate action taken at such meeting and at meetings thereafter held under the aegis of the board of directors purportedly elected at the meeting of April 24, 1970 is void and of no effect. Plaintiff asks that an order be entered reinstating him to the office of director, restoring him to his position as an employee of the corporate defendant as of April 24, 1970, and directing that he be paid all emoluments of office allegedly due him during the period of his improper removal from office.

Plaintiff also prays that the individual defendants be ordered to account to the corporate defendant for any loss or damage suffered by the latter during the period

---

1. The plaintiff Petrick has settled with defendants and has stipulated to a dismissal of his claims.

2. The original plaintiffs owned 43,000 shares out of 98,000 issued and outstanding shares of the corporate defendant. The two individual defendants own the balance of such shares.

of the individual defendants' alleged usurpation of control of the corporate affairs of the defendant B-K Dynamics, Inc. Also sought in the original complaint is an order permitting plaintiff to inspect certain books and records of the corporate defendant as well as for other relief concerning certain patent rights.

In an amended complaint plaintiff specifically asks that the purported abolition of a charter requirement for cumulative voting at meetings of stockholders of the corporate defendant, purportedly accomplished at a meeting of the individual defendants held on April 1, 1971, be set aside and that any other action taken at such meeting based in any way on actions taken at prior meetings of the board purportedly elected at the April 24, 1970 meeting, be declared void and of no effect.

The corporate defendant, which is now under the control of the individual defendants, (who, as noted above, own more than a majority of the stock of B-K Dynamics, Inc.) has moved to dismiss the complaint as amended for failure to state a claim, for lack of jurisdiction over the individual defendants (except as to the validity of their election to the office of director of the corporate defendant at the controversial April 24, 1970 meeting) as well as for failure to join a party under Rule 19, Del.C.Ann. The parties having filed affidavits in support of and against the granting of defendants' motion to dismiss the complaint for failure to state a claim, it will be treated as a motion for summary judgment under the provisions of Rule 12(b). This is the opinion of the Court on such latter motion.

Title 8 Del.C. § 222 provides in part:

"(a) Whenever stockholders are required or permitted to take any action at a meeting, a written notice of the meeting shall be given which shall state the place, date and hour of the meeting * * *".

Paragraph 25 of the by-laws of B-K Dynamics, Inc. provides in part as follows:

"Notice required to be given under the provisions of these by-laws to any director, officer or stockholder shall not be construed to mean personal notice, but may be given in writing by depositing the same in a post office or letterbox, in a postpaid sealed wrapper, addressed to such stockholder, officer or director at such address as appears on the books of the corporation, and such notice shall be deemed to be given at the time when the same shall be thus mailed. Any stockholder, officer or director may waive, in writing, any notice required to be given under these by-laws, whether before or after the time stated therein."

Paragraph 3 of such by-laws, which pertains to meetings of stockholders, reads in part:

"Notice of all meetings shall be mailed by the secretary to each stockholder of record entitled to vote, at his or her last known post office address, for annual meetings at least ten days and for special meetings at least five days prior thereto."

According to defendants' affidavits, written notice of the postponed 1970 annual meeting of stockholders, which should have been held on the first Friday in April but which was actually convened on April 24, 1970, was given to plaintiff on March 25, 1970,[3] by having placed on his desk at the corporate defendant's place of business a typewritten letter signed by the corporation's president to the effect that the annual meeting of stockholders would be held on Friday, April 24, at 2:30 p. m. at 1821 Jefferson Place, N. W., Washington, D. C., rather than on April 3, the date provided for in the by-laws. Plaintiff has stated under oath in his affidavit that prior to said April 24 meeting, which he briefly attended, he had not " * * * received any

3. Thus more than twenty days purported notice was given as required in a situation in which the time of an annual meeting of stockholders was changed.

notice * * * " of such meeting * * * "as required by the corporation's by-laws * * * ".

The individual defendants take the position, however, that the by-law requirement relied on by plaintiff had not been adhered to in the past in that in 1964 and 1965 notice of the annual meeting of stockholders was given orally, and that in subsequent years, culminating in the April 24, 1970 meeting, notification of such meetings was given by written notice delivered to the original plaintiffs' desks at their business offices at B-K Dynamics, Inc.'s place of business. Thus, it is argued that a course of conduct has been established concerning the giving of notice of annual meetings of stockholders which has in effect amended by implication or usage the corporate by-law requiring the mailing of written notice. See Star Loan Association v. Moore, 20 Del. 308, 55 A. 946; In re Ivey v. Ellington, Inc., 28 Del.Ch. 298, 42 A.2d 508, and Belle Island Corporation v. MacBean, 29 Del.Ch. 261, 49 A.2d 5. Compare In re Osteopathic Hospital Association of Delaware, 41 Del. 369, 195 A.2d 759. Plaintiff answers this contention by claiming that in such previous years up until 1970 he had signed waivers of notices of annual meetings of the stockholders of the corporate defendant.

■ An overall view of the present record satisfies me that there are fundamental disputes concerning material facts of record in this case and that the issue of the propriety of the convening of the purported meeting of stockholders of the corporate defendant on April 24, 1970, as well as the validity of corporate action based on the propriety of the convening of said meeting, cannot be resolved short of trial.

■ As indicated earlier, however, the other relief prayed for by plaintiffs is not ripe for any sort of adjudication in that it does not appear that plaintiff has complied with the preliminary steps required under the terms of 8 Del.C. § 220 as a prerequisite to the examination of corporate books and records. Finally, plaintiff concedes that he has not obtained jurisdiction over the individual defendants for any purpose other than questioning the action taken by them as majority stockholders at the April 24, 1970 meeting. Accordingly, action on the relief prayed for in the complaint as amended other than that which tests the validity of the convening of the April 24, 1970 annual meeting of stockholders of the corporate defendant will be deferred for the present.

Treating the motion of the individual defendants to dismiss the complaint for failure to state a cause of action as a motion for summary judgment and confining it to relief sought by plaintiff under the provisions of 8 Del.C. § 225, such motion will be denied for the reasons given above.

Order on notice.