ROBERT HAYS GRIES,
Plaintiff Below, Appellant,

and

SEYMOUR LEVIEN and FRANCIS S. LEVIEN,
Intervening Plaintiffs Below, Appellants,

*vs.*

EVERSHARP, INC., a corporation of the State of Delaware,
Defendant Below, Appellee.

*Supreme Court, on Appeal, July 22, 1949.*

TERRY, CAREY, PEARSON and LAYTON, JJ., sitting.

*Hugh M. Morris* and *Edwin D. Steel, Jr.,* of the firm of Morris, Steel, Nichols & Arsht, for the appellant Gries.

*David F. Anderson,* of the firm of Southerland, Berl & Potter, for the appellants Levien.

*Daniel O. Hastings,* of the firm of Hastings, Stockly, Walz & Wise, and *Aaron Finger,* of the firm of Richards, Layton & Finger, and *Charles Grimes* of the firm of Alley, Cole, Grimes & Friedman, of New York City, for the appellee.

PEARSON, Judge, delivering the opinion of the court:

The plaintiff and intervening plaintiffs in the Court of Chancery are owners of shares of common stock of the defendant corporation. The suit brings in question the validity of two attempted stockholders' meetings for the election of directors of the defendant. We find it unnecessary to consider all of the questions argued, and have decided only those discussed in this opinion. Generally speaking, they relate to (1) action of the directors in changing the date of the 1949 stockholders' meeting for the election of directors, and the length of the period of notification of this meeting; and (2) the absence of written notice in advance of another meeting which was held by certain stockholders, and the effect of notice of an adjournment of the latter meeting.

Defendant's by-laws fix the third Tuesday of May as the date of the annual meeting of stockholders for the election of directors. This year, that date was May 17. On March 3, 1949, defendant's directors fixed April 22 as the record date for the determination of stockholders entitled to notice of and to vote at the regular annual meeting to be held on May 17. By reason of difficulties encountered by defendant in assembling the necessary data for inclusion in the proxy statement in time for the giving of notice for the meeting to be held on May 17, 1949, as well as because of a request of Francis S. Levien, one of the intervening plaintiffs, defendant's directors, on May 2, fixed May 24 as the date for the annual meeting instead of May 17. There is no question before us of bad faith on the directors' part in changing the date. For convenience, this meeting will be referred to as the management meeting.

Notice of the meeting together with proxy-soliciting material was mailed by defendant on May 11 to common stockholders of record at the close of business on April 22.

On May 17, persons holding more than 90 thousand shares of common stock met at the hour and place fixed by the by-laws for annual meetings, for the purpose of holding the annual meeting. This we shall call the opposition meeting. No notice had been sent out to stockholders that this meeting would be held. A quorum was not present, and the meeting was adjourned to a future date. Notice of the adjournment was given to stockholders by a common stockholders' committee. On May 19, plaintiff began his action in the Court of Chancery asserting that the meeting called for May 24 was invalid and that the opposition meeting of May 17 was validly held and validly adjourned to a later date. On plaintiff's application, the court issued a preliminary injunction enjoining action at the meeting called for May 24 (the management meeting) except to convene and adjourn it to a later date. Plaintiff moved for a judgment on the pleadings, supported by affidavits, and agreed to accept the judgment as a final one. After a hearing on this motion, Vice Chancellor Seitz filed an opinion and entered an order declaring the management meeting validly called and validly held and directed that it be adjourned to July 15, for the holding of an election. He further held that the opposition meeting was invalid for want of notice and directed that it be adjourned *sine die*. On plaintiff's application to this court, we directed a stay of the order relating to the opposition meeting so as to permit it to be adjourned pending a decision of the case, but we declined a stay with reference to the holding of the management meeting on condition that the parties conceded various matters to preserve the position of the appellants to question the judgment below.

As to the opposition meeting, we agree with the Vice Chancellor's conclusion that it was invalidly held because no written notice ten days in advance of the meeting was

given to the stockholders as required by a section of defendant's by-laws. The adjournment of the meeting and the giving of notice of the adjourned date sufficiently in advance to comply with any time requirements of original notice of a meeting did not cure the defect of want of notice in the first instance. Neither the stockholders present at the opposition meeting on May 17 nor the stockholders' committee appear to have had authority to call a meeting of stockholders. This being so, we think of no justification for treating the attempted adjourned meeting as equivalent to an original meeting. Nor do we find merit in the contention that since defendant failed in its duty to send out notices of the May 17 meeting, defendant should not be permitted to challenge the meeting on the ground of absence of notice. In this connection, it is enough to say that the persons on whom the duty to send out notices devolved have not been shown to be the same as those entitled to notice, nor does any reason appear why the defendant may not properly raise the objection on behalf of the latter.

We come now to a consideration of the management meeting called for May 24. *Section* 30 of the *Delaware Corporation Law* provides, in part, as follows (*Rev. Code* 1935, § 2062,)

"* * * directors shall be elected at the time and place within or without this State named in the by-laws, and which shall not be changed within sixty days next before the day on which the election is to be held. A notice of any change shall be given to each stockholder twenty days before the election is held, in person or by letter mailed to his last known postoffice address.

*Section* 31, *Rev. Code* 1935, § 2063, contains the following provision:

"If the election for directors of any corporation shall not be held on the day designated by the by-laws, the directors shall cause the election to be held as soon thereafter as conveniently may be; * * *."

The action of defendant's directors on May 2 in changing the date of the 1949 annual meeting from May 17 to May 24 took place fifteen days in advance of the annual

meeting time fixed by the by-laws. Defendant sent out notices of the May 24 meeting on May 11, which was thirteen days in advance of the new date. The Vice Chancellor held that the sixty-day and twenty-day provisions of *Section* 30 apply only to changes in the by-laws fixing the annual meeting date; that the directors' change of the annual meeting date here did not constitute an amendment of the by-laws within the contemplation of *Section* 30; and that therefore the management meeting was not invalid for want of compliance with *Section* 30. He held that the meeting was validly called by the directors in performance of their duty, imposed by *Section* 31, to cause an election to be held as soon after the by-law date as conveniently may be.

In his construction of *Sections* 30 and 31, the Vice-Chancellor relied strongly on the case of *In re Tonopah United Water Co.*, 16 *Del. Ch.* 26, 139 *A.* 762, 764. In that case, the by-laws of a corporation fixed August 3 as the date of the annual meeting and provided that a twenty-day notice of the meeting should be given to stockholders. On July 13, a notice was sent to stockholders which, because of a typographical error, showed the meeting date as August 5 instead of August 3. When the error was discovered, a new meeting date of August 12 was chosen and notice of this meeting was sent out on July 21. On August 12, a meeting was held and directors were elected, and this meeting was challenged in the proceeding before the court on the ground that the date for the annual meeting fixed in the by-laws had been changed within sixty days prior to such date. The Chancellor held the meeting valid as a meeting called under the authority of *Section* 31. We quote the following from his discussion of *Sections* 30 and 31:

"* * * Inasmuch as the statute requires no notice to be given of annual meetings, the purpose of *Section* 30 doubtless was to provide that a standing notice to stockholders of that important annual event should be given by a by-law, and, to insure against a sudden change

in the terms of that standing notice, the sixty-day provision was inserted in the statute. This, I conceive, was the purpose of the quoted language of *Section* 30, and such being its purpose the sixty-day limitation and twenty-day notification periods are operative only when the standing by-law provision is proposed to be altered.

"If no annual meeting is held for the election of directors, the directors in office can nevertheless convene a meeting for the election. *Section* 31 is clear in its provision to this effect. It in fact lays a duty on the directors to cause such an election to be held 'as soon thereafter as conveniently may be.' When such a meeting is held, the time for the annual one having passed, its convening obtains sanction from *Section* 31, and is in no sense to be regarded as an annual meeting provided for by *Section* 30, nor is it governed by the regulations therein defined. * * *

"* * * When the August 12 meeting was decided upon (July 21), the annual meeting day had not arrived and thus there was at the time of the notification no failure to hold the annual meeting. It is suggested that this being so, the directors in calling the August 12 meeting could not be said to have been acting under *Section* 31 in view of the fact that the provisions of that section appear not to be applicable until the event of the omission to hold an annual meeting has become a past one. And so it is argued that when on July 21 the board has arranged for a meeting on August 12, it in substance and effect changed the annual meeting date. When it is remembered, however, that the by-laws of the corporation require 20 days' notice to the stockholders prior to the annual meeting it is apparent that on July 21 the regular annual meeting on August 3 could not possibly be held in obedience to the by-laws, and therefore an omission to hold it was a certain event which was bound to ensue. Does the statute in the two sections referred to mean that in such a situation the board must, if it desires to obey the mandate of *Section* 31 to act with convenient dispatch in calling the stockholders together, delay action until the future certainty of event has become past, or in the alternative to allow 60 days to elapse before the stockholders are convened? Such a view would seem to be a very strained one and entirely out of harmony with the policy of the statute which is to expedite the election as soon after its omission as is conveniently possible.

"My conclusion is that when it became evident that the annual meeting could not possibly be held in obedience to the by-laws of the company, the board of directors properly concluded that they could proceed under *Section* 31 to call the meeting of August 12, and that their act in so doing did not amount to an attempted change of the annual meeting date in violation of *Section* 30 of the act."

We accept as a proper construction of the statutes that the sixty-day and twenty-day provisions of *Section* 30 refer to changes in the by-laws, and that *Section* 31 authorizes directors to call a meeting for the election of directors when the by-law meeting date has passed and no meeting has been held, and also when, before the by-law date, it becomes "evident that the annual meeting" cannot "possibly be held in obedience to the by-laws of the company". But here, it does not appear that on May 2, when the meeting date was changed to May 24, it had become evident that the annual meeting could not possibly be held in obedience to the by-laws. Clearly, the by-law requirement of ten days notice (prior to the by-law date, May 17) could have been complied with. The reason stated for the change, difficulties in assembling data for a proxy statement, falls short of constituting an impossible obstacle to the holding of a meeting on the by-law date.

We disagree with the Vice Chancellor's conclusion that the directors' action of May 2 was authorized by *Section* 31. We think his construction of the duty imposed by that section does not sufficiently take into account the duty imposed by *Section* 30. It is not only that the meeting called under such circumstances as here "will not perhaps fit into the explicit language of *Section* 31." More important, we think his construction of *Section* 31 would have the effect of emasculating the meeting date provisions of *Section* 30, for it would authorize directors to change a meeting date for any year, at any time in advance of a meeting, for any reasons of convenience to the directors, provided no fraud, bad faith or improper motive was shown. Such a rule seems inconsistent with the command of *Section* 30 that directors be elected at the time and place named in the by-laws, and with the importance which should be attributed to this command, plainly inferable from the sixty-day and twenty-day limitations relating to a change in the by-laws fixing the time and place of the election. We think that each section must be construed

with reference to the other so as to accord to each what appears to be its appropriate sphere of operation; and that so construed, *Section* 31 does not authorize the calling of a meeting until it becomes evident that *Section* 30 cannot be complied with.

To the criticism that this means that if the meeting of May 24 had been "called and held later it would have been valid because of *Section* 31, but because the delay [in calling and holding the meeting] was shorter the duty imposed by *Section* 31, is inapplicable", we think there is a plain answer: that result is required by what we find to be a reasonable construction of both sections, and the consequences of extending *Section* 31 so as to counteract the force of *Section* 30 seem less desirable than to confine it to its own apparent purpose. Even as so confined, *Section* 31 still provides liberal authority for changing the date of a meeting. At the same time, it should tend, in greater degree, to encourage directors to exert themselves to obey the rule of *Section* 30 by complying with the by-law provisions, rather than to serve as a blanket excuse for disobeying it (when it could be obeyed) on any ground not shown to be tainted with fraud or improper motive. We think this an instance of where, in a sense, a rule must be enforced for the rule's sake, lest it be deprived of practically any force it might otherwise have.

Moreover, we find an additional ground for holding the management meeting unauthorized by *Section* 31; namely, the want of a showing that notice was given sufficiently in advance. *Section* 31 makes no express time requirement concerning notice. A notification period, reasonable under the circumstances, is to be implied as a requisite. Because of obvious similarities in the purposes of *Sections* 30 and 31, we hold that unless twenty days notice is given of a new date for a meeting under *Section* 31 (as is required by *Section* 30 for a by-law fixing a new date) the burden falls on the party who would sustain the validity of the meeting to demonstrate that a shorter time is reasonable

under the circumstances. There has been no such showing here. Indeed, the statement in defendant's answer that its stock is "held by about five thousand widely scattered persons" indicates the contrary. The fact that the by-laws require ten days notice of an annual meeting when held on the by-law date is not enough. The by-law is itself a form of standing notice and the ten-day written notice partakes of the nature of a reminder. From the fact that a ten-day period is sufficient for such a notice, it does not follow that it is sufficient for a notice of a date different from that fixed by the by-laws. Our conclusion is that the management meeting was invalidly called and held, and that any attempted stockholder action taken at the meeting (including adjournment) is invalid.

We have noted defendant's contention that the complaint should be dismissed for want of any allegation that the plaintiff and intervening plaintiffs have exhausted their means of redress within the corporation. We hold that the rule contended for is inapplicable in the circumstances of this case.

For the reasons set forth, the judgment of the Court of Chancery must be reversed in those respects in which it is inconsistent with this opinion, and the cause remanded for such disposition as may seem proper to that court.

An order accordingly will be entered.