135 A.2d 725 (1957)
The AMERICAN HARDWARE CORPORATION, a Connecticut corporation, and B. S. F. Company, a Delaware corporation, Plaintiffs,
v.
SAVAGE ARMS CORPORATION, a Delaware corporation, Defendant.
Court of Chancery of Delaware, New Castle.
November 7, 1957.
S. Samuel Arsht and William S. Megonigal, Jr., of Morris, Steel, Nichols & Arsht, Wilmington, for plaintiffs.
Aaron Finger, of Richards, Layton & Finger, Wilmington, and Edward K. Bachman, of Kelley, Drye, Newhall & Maginnes, New York City, for defendant.
SEITZ, Chancellor.
This is the decision on plaintiffs' application for a restraining order. By their complaint and supplemental complaint plaintiffs, stockholders of defendant, seek the following relief at this time:
1. To enjoin the defendant from voting or using any of the proxies obtained in a response to a solicitation mailed its stockholders about October 30, 1957.
2. To enjoin defendant from transacting any business at the special meeting called *726 for November 15, 1957, other than to adjourn it to a date not earlier than the later of December 13, 1957, or 28 days after defendant has furnished plaintiffs with a list of defendant's stockholders; there is a similar prayer with respect to the use of proxies by defendant.
The defendant has called a special meeting to approve an exchange of a certain number of defendant's shares for the shares of a company known as Aircraft Armaments, Inc.
Plaintiffs seek to have the meeting postponed for several independent reasons. First they contend that the notice of the meeting is too short under the facts and circumstances, and without regard to the motives of defendant's governing officials. The notice complies with the by-laws. The notices of the meeting were mailed on October 30, 1957, calling the meeting for November 15, 1957.
Plaintiffs' contention that the notice time is too short is based on their statement that it takes several days to have proxy material actually brought to the attention of customers whose stocks are held in brokerage accounts. Plaintiffs also contend that the time is just too short considering the number of shareholders to be contacted.
I note that plaintiffs have cited no authority which, absent fraud or other inequitable conduct, would entitle the court to interfere where the notice is in accordance with all statutory and by-law provisions. This is understandable since courts do not interfere merely because more time would be helpful to a stockholder. Something more must be shown. But the court need not rest its conclusion solely on this point. I say this because plaintiffs received the notice and defendant's proxy material October 31, 1957, and plaintiffs mailed out their own proxy material two days after receipt of the notice. Indeed, a second proxy solicitation by plaintiffs has already gone out. Thus, apart from the first point mentioned, I am not satisfied that plaintiffs have made a showing that the notice is so short as to prejudice their right to solicit proxies.
Plaintiffs rely heavily on Gries v. Eversharp, 31 Del.Ch. 489, 69 A.2d 922. I do not believe it is applicable to this situation. Our case does not involve any deviation from statutory or by-law duty. Nor is Steinberg v. American Bantam Car Co., D.C., 76 F.Supp. 426, appeal dismissed as moot, 3 Cir., 173 F.2d 179, in point. In that case the company failed to call its meeting at the required time and when it did call the meeting it used improper tactics to prevent plaintiff from having sufficient time to solicit proxies. That situation is more nearly akin to problems considered in the Eversharp case and Campbell v. Loew's Inc., Del.Ch., 134 A.2d 852. The plaintiffs here can make out no such case.
Plaintiffs argue next that when considered in connection with the motive of the defendant the time is too short. Even if we assume that defendant's motive in calling the meeting to authorize the issuance of additional stock of defendant in exchange for stock of another corporation was to dilute plaintiffs' stock interest, I do not see how this helps plaintiffs. I say this because plaintiffs do not seek to enjoin the proposed stock exchange on the ground that it is the exercise of a lawful power for an unlawful purpose, such as the situation in Canada Southern Oils v. Manabi Exploration, 33 Del.Ch. 537, 96 A.2d 810. Indeed, plaintiffs do not attack the validity of the proposed stock exchange. All that plaintiffs desire is more time to solicit proxies and I have already determined that they have a reasonable time for that purpose as is demonstrated by the admitted facts.
Plaintiffs next say that before defendant's stockholders vote on the acquisition of Aircraft Armaments' stock they should have before them plaintiff's (American Hardware) proposed offer to exchange their shares for shares of American Hardware. It appears that this offer will not *727 be cleared by the S. E. C. so as to be ready for submission to the defendant's stockholders before November 15. In fact it is apparent that this is plaintiffs' real concern since they do not want the meeting held until plaintiff can make its offer even if it is a matter of postponing the meeting for several weeks.
What reason is there to insist that the stockholders must know of the action proposed by plaintiff before voting at the special meeting? I can see no legal connection between plaintiff's proposed offer and the defendant's proposed exchange which can be said to constitute a legal basis for requiring that they be considered by the stockholders at the same time. Indeed, the S. E. C. might not even approve the submission of an offer of the kind plaintiff has in mind. Moreover, to the extent permitted by the S. E. C., plaintiffs in their proxy solicitation material are free to make such use of defendant's actions as the law permits.
It is true that plaintiff has indicated that if the stock exchange is approved the offer will not be made. But this is not the type of information that must be before the stockholders before they can fairly vote on proposed corporate action, at least in this case.
I conclude that the plaintiffs show no basis for an order requiring a postponement of the special stockholders' meeting called for November 15.
Plaintiffs also contend that the defendant's proxy solicitation material mailed October 30 is fraudulently misleading in that it fails to show that four of the eleven directors actually voted against the action the defendant now seeks to submit for stockholder approval. It is admitted that the board action approving the exchange was legal. It appears that an S. E. C. rule as implemented by the Commission in this case required the defendant corporation to show in its proxy statement that one director communicated an objection to the plan. It is true, as plaintiffs say, that a reading of that portion of the proxy statement which deals with that one director's actions might create the impression that he was the only director who opposed the proposed action. It would indeed have been preferable to indicate the true situation but I think the unfortunate effect was caused by the limited requirement of the S. E. C. rule rather than by the defendant's action. Moreover, while not decisive, it does appear that plaintiffs have by their proxy material brought to the attention of the stockholders that four directors, in effect, opposed the exchange. I do not suggest that this procedure will cure all material defects in proxy statements. However, under the showing here made I am satisfied that the matter involved was not of sufficient import to void proxies so solicited.
I therefore conclude that the defendant should not be restrained from voting proxies solicited by the October 30, letter.
The restraining order will be denied.
Present order on notice.