Henry Epstein, J.
This motion for a temporary injunction
is denied. Defendant United is a Delaware corporation with 19,621 shares of preferred stock and 336,984 shares of common stock outstanding. Some 14,621 shares of the preferred are held by the public, of which plaintiff holds 150 shares, purchased in June, 1958 after the public had been notified by press statements and a proposal to be passed on by the Securities Exchange Commission also publicly known. This proposal, contained in a proxy statement, was sent to the shareholders under date of August 6, 1958 by the president of United, Henry W. Hainiek. The notice of the meeting to vote upon the proposal is dated July 31, 1958, and the meeting set for August 16, 1958. The essence of the proposal is the recapitalization of United encompassing the issuance of new common and preferred shares; discontinuing an unprofitable “coupon” business and a small profit cola business; and acquiring for new preferred ($1,650,-000) and common stock the assets of Highway Trailer Company, a Delaware corporation which over the prior three-year period averaged more than a million dollars profits before taxes. Plaintiff objects to the proposed exchange of the old preferred stock for the new common stock covering both arrears in dividends and shares held. An action has also been commenced in Delaware, *193 where United and Trailer are resident corporations and defendant Hainick’s shares of common and preferred are tied up in Delaware by that action, which would achieve the same result herein sought by plaintiffs (Kaplan v. Hainick).
This court need not concern itself with the possible inference that plaintiff purchased his 150 shares of old preferred for purpose of this action, or as claimed, because it seemed at the time a good investment. Suffice it that the shares have doubled in market value since such purchase. Both common and preferred are quoted on the American Stock Exchange. While United does and did its business in and out of New York, Trailer is not within this jurisdiction. The essence of the proposal is the contract consummation set for September 10, 1958 in Delaware between United and Trailer’s parent corporation. The contract has been executed and is in effect. If its consummation is enjoined by this court, United may be subject to legal action in damages. Such action may so affect United as to destroy it, while the result of the consummation may place United on a sounder basis with a new and profitable business. A number of problems are posed by counsel for plaintiff, among them the adequacy of the notice of the proposal. This depends on whether the result will be a merger of United and Trailer or not. Delaware law will be there the determining factor and the Delaware courts are best fitted to pass on that issue (Fidanque v. American Maracaibo Co., 33 Del. Ch. 262; Argenbright v. Phoenix Finance Co., 21 Del. Ch. 288; General Corporation Law of Delaware, §§ 251, 259).
Since defendant Hainick’s stock has already been sequestered in the Delaware action, all the questions here sought to be resolved can be there passed upon. Furthermore, Trailer, a Delaware corporation, can also be a party to the action. The fact that plaintiffs and individual defendants are New York residents is not of itself enough (other facts to the contrary notwithstanding) to move this court to interfere with the Delaware meeting and the purpose for which it has been called. The proposal has met with approval of over 90% of the shareholders, common and preferred, of United.
A review of the cases and statutes does not move this court to a different result. Langfelder v. Universal Labs. (293 N. Y. 200); Koster v. Shenandoah Corp. (258 App. Div. 1079) and Novich v. Rojtman (5 Misc. 2d 1029) are persuasive. The purchase of Trailer stock is from Trans Continental Industries, also a Delaware corporation and not within this jurisdiction. The cases cited in plaintiffs’ brief are not sufficiently close to war *194 rant a contrary conclusion. Particularly inapplicable on the facts here presented are Travis v. Knox Terpezone Co. (215 N. Y. 259) and Weinstein v. Aeolian Co. (243 App. Div. 355). The Delaware courts have dealt with the question of notice in Cries v. Eversharp (31 Del. Ch. 489, 497-498 [1949]) —and can properly deal with that here presented by plaintiffs. Should this court undertake to grant the relief (now possibly drastic in view of the time element and the consequences possible) a substantial surety bond might be warranted. Exercising the discretion here patently called for, the motion for temporary injunction is denied.
Order signed.