**Andrew H. SCHNELL, Jr. and Jack Safer, Plaintiffs Below, Appellants,**

v.

**CHRIS–CRAFT INDUSTRIES, INC., a Delaware corporation, Defendant Below, Appellee.**

Supreme Court of Delaware.

Nov. 29, 1971.

H. Albert Young and Edward B. Maxwell, 2nd, of Young, Conaway, Stargatt & Taylor, Wilmington, and Carl F. Goodman, New York City, and Jay L. Westbrook, of Surrey, Karasik & Greene, Washington, D. C., for plaintiffs below, appellants.

David F. Anderson and Charles S. Crompton, Jr., of Potter, Anderson & Corroon, Wilmington, and Arthur L. Liman and Daniel P. Levitt, of Paul, Weiss, Rifkind, Wharton & Garrison, New York City, and Washington, D. C., for defendant below, appellee.

Before WOLCOTT, Chief Justice, and CAREY and HERRMANN, Associate Justices:

HERRMANN, Justice (for the majority of the Court):

This is an appeal from the denial by the Court of Chancery of the petition of dissident stockholders for injunctive relief to prevent management * from advancing the date of the annual stockholders' meeting from January 11, 1972, as previously set by the by-laws, to December 8, 1971.

The opinion below is reported at 285 A.2d 430. This opinion is confined to the frame of reference of the opinion below for the sake of brevity and because of the strictures of time imposed by the circumstances of the case.

It will be seen that the Chancery Court considered all of the reasons stated by management as business reasons for changing the date of the meeting; but that those reasons were rejected by the Court below in making the following findings:

"I am satisfied, however, in a situation in which present management has disingenuously resisted the production of a list of its stockholders to plaintiffs or their confederates and has otherwise turned a deaf ear to plaintiffs' demands about a change in management designed to lift defendant from its present busi-

---

* We use this word as meaning "managing directors".

ness doldrums, management has seized on a relatively new section of the Delaware Corporation Law for the purpose of cutting down on the amount of time which would otherwise have been available to plaintiffs and others for the waging of a proxy battle. Management thus enlarged the scope of its scheduled October 18 directors' meeting to include the by-law amendment in controversy after the stockholders committee had filed with the S.E.C. its intention to wage a proxy fight on October 16.

"Thus plaintiffs reasonably contend that because of the tactics employed by management (which involve the hiring of two established proxy solicitors as well as a refusal to produce a list of its stockholders, coupled with its use of an amendment to the Delaware Corporation Law to limit the time for contest), they are given little chance, because of the exigencies of time, including that required to clear material at the S.E.C., to wage a successful proxy fight between now and December 8. * * *."

█ In our view, those conclusions amount to a finding that management has attempted to utilize the corporate machinery and the Delaware Law for the purpose of perpetuating itself in office; and, to that end, for the purpose of obstructing the legitimate efforts of dissident stockholders in the exercise of their rights to undertake a proxy contest against management. These are inequitable purposes, contrary to established principles of corporate democracy. The advancement by directors of the by-law date of a stockholders' meeting, for such purposes, may not be permitted to stand. Compare Condec Corporation v. Lunkenheimer Company, Del.Ch., 230 A.2d 769 (1967).

█ When the by-laws of a corporation designate the date of the annual meeting of stockholders, it is to be expected that those who intend to contest the reelection of incumbent management will gear their campaign to the by-law date. It is not to be expected that management will attempt to advance that date in order to obtain an inequitable advantage in the contest.

█ Management contends that it has complied strictly with the provisions of the new Delaware Corporation Law in changing the by-law date. The answer to that contention, of course, is that inequitable action does not become permissible simply because it is legally possible.

Management relies upon American Hardware Corp. v. Savage Arms Corp., 37 Del.Ch. 10, 135 A.2d 725, aff'd 37 Del.Ch. 59, 136 A.2d 690 (1957). That case is inapposite for two reasons: it involved an effort by stockholders, engaged in a proxy contest, to have the stockholders' meeting adjourned and the period for the proxy contest enlarged; and there was no finding there of inequitable action on the part of management. We agree with the rule of *American Hardware* that, in the absence of fraud or inequitable conduct, the date for a stockholders' meeting and notice thereof, duly established under the by-laws, will not be enlarged by judicial interference at the request of dissident stockholders solely because of the circumstance of a proxy contest. That, of course, is not the case before us.

█ We are unable to agree with the conclusion of the Chancery Court that the stockholders' application for injunctive relief here was tardy and came too late. The stockholders learned of the action of management unofficially on Wednesday, October 27, 1971; they filed this action on Monday, November 1, 1971. Until management changed the date of the meeting, the stockholders had no need of judicial assistance in that connection. There is no indication of any prior warning of management's intent to take such action; indeed, it appears that an attempt was made by management to conceal its action as long as possible. Moreover, stockholders may not be charged with the duty of anticipating inequitable action by management, and of seeking anticipatory injunctive relief to foreclose such action, simply because the

new Delaware Corporation Law makes such inequitable action legally possible.

Accordingly, the judgment below must be reversed and the cause remanded, with instructions to nullify the December 8 date as a meeting date for stockholders; to reinstate January 11, 1972 as the sole date of the next annual meeting of the stockholders of the corporation; and to take such other proceedings and action as may be consistent herewith regarding the stock record closing date and any other related matters.

WOLCOTT, Chief Justice (dissenting):

I do not agree with the majority of the Court in its disposition of this appeal. The plaintiff stockholders concerned in this litigation have, for a considerable period of time, sought to obtain control of the defendant corporation. These attempts took various forms.

In view of the length of time leading up to the immediate events which caused the filing of this action, I agree with the Vice Chancellor that the application for injunctive relief came too late.

I would affirm the judgment below on the basis of the Vice Chancellor's opinion.